Cited in *Donnelly* v. *State*, 2 *Dutch.* 471.

---

## WOOD v. FITHIAN AND FITHIAN.

1. It is not error for a justice to sign his name to a summons giving the initials only of his christian name and his surname in full.

2. It is not necessary in a suit brought by two persons, to allege or prove that they are partners; it is only necessary, to sustain the action, to show that the contract which is the subject of it was made with them jointly.

3. A charge in a book of account against the sloop J. and owner will sus-

tain an action against the defendant, if it be proved otherwise that he was owner of the sloop.

4. On *certiorari*, the court above will not review the merits of the judgment of a justice or of the Common Pleas upon the evidence: the court below is the sole judge of the weight of the evidence.

This cause was on *certiorari* to the Common Pleas of Cumberland, removing their judgment on an appeal from the court for the trial of small causes.

It was submitted to the court on brief, by *Eakin* for plaintiff in *certiorari*, *Nixon* for defendant.

The facts of the case and reasons relied on for reversal sufficiently appear in the opinion of the court, delivered by Justice ELMER.

ELMER, J. The first reason assigned for the reversal of the judgment in this case is, that the Court of Common Pleas refused to nonsuit the plaintiffs in that court; and upon referring to the proceedings, as returned, it appears that one of the grounds insisted on for a nonsuit was, that no justice's name was signed to the original summons. The justice, instead of signing his full christian name, has written only the initial letter, followed by his surname in full. Many authorities are cited by the counsel of the plaintiff in *certiorari*, in his brief submitted to the court, which prove that suits must be brought in the full christian name of the parties, but none of these touch the present question. It was not alleged that the defendant below was misled or prejudiced by the signature; indeed it appears, by the justice's transcript, that he appeared on the return day at the proper place, and then made the objection now insisted on, which was overruled. Signatures of the justices and other officers of this court, as well as of judges and justices of the peace, have been made in this abbreviated form from time immemorial, and, so far as appears, until now, without objection. No injury has resulted, or seems likely to result, from this practice. Much inconvenience would be produced by allowing such an objection to prevail after an acquiescence so long and so universal.

Wood v. Fithian.

A second ground of nonsuit was, that the action was brought in the name of two persons, who were not stated to have been copartners or to have had a community of interest. The state of demand claims a book account for certain goods, wares, and merchandise, charged in the usual manner as articles sold by the plaintiffs to the owner of the sloop General Jackson, and sets forth that the defendant was such owner. Whether the plaintiffs were general copartners is immaterial. If the defendants bought the goods of them jointly, as the state of demand alleges in substance, the plaintiffs have thereby a community of interest in that transaction, and are not only entitled to bring a joint action but can only maintain an action in that form. It must be presumed that proof was made of a contract with the plaintiffs jointly. The court, as has often been decided, does not undertake upon a *certiorari* to try the case over again upon the merits, or to award a new trial upon the ground that the judgment was contrary to the weight of the evidence, but only to determine whether any principle of law has been violated ; and the party complaining of any such violation must make it clearly appear that the fact was so. One of the witnesses produced on the trial of the appeal has been examined in support of the reasons filed for reversal ; but he was not the only witness, and this court cannot undertake to say how far his statements are in accordance with the other evidence in the case—whether he gave the same testimony on the trial as now, or whether the Court of Common Pleas, who were the judges of his credibility, believed what he said.

A third ground of nonsuit was, that the court had no jurisdiction of the case. It would have been difficult for this court to conjecture what was meant by this objection, if it did not appear by the brief of counsel, that inasmuch as the charge in plaintiff's books of account is not against the defendant by name, but against the sloop General Jackson and owner, it is contended that no action can be brought against the owner by his proper name, but if the plaintiffs have any right of action at all on such a charge, it must be against the sloop itself. It is certainly true that no action could be sustained against the defendant upon this charge unsupported by other proof. But

several witnesses were examined, and, as appears by the record of the proceedings and by the deposition now produced on behalf of the plaintiff in *certiorari*, their testimony related to this very question of the real ownership of the vessel. It must, therefore, be taken for granted by this court that the defendant in the court below, the now plaintiff, was proved by satisfactory evidence to have been the owner of the sloop at the time the articles were purchased for her use, and as such liable for them. Indeed, if that was necessary to sustain the judgment, it might very properly be assumed that the defendant was proved to have expressly authorized them to be procured for the use of his vessel; for all the evidence is not before us, and we cannot infer the contrary, because one of the witnesses, and perhaps the witness who knows the most about the transaction, now states the matter differently. But without assuming that more was proved than the express allegations of the state of demand, which are, that certain articles were sold by the plaintiffs to the owner of the sloop General Jackson, and that defendant was such owner, the court not only had jurisdiction of the case, but, in the absence of contradictory evidence satisfactory to them, were right in giving judgment as they did. Nothing is more common than for mechanics or traders to charge their services or goods furnished to the owners of a particular vessel, without naming them, and I see no reason why such a charge is not as legal as if made against the owners by name, provided it be shown by proof who were the owners. A book is not sufficient evidence to charge a defendant with goods delivered to a third person, without proof of an order for such delivery, but accompanied by such proof it has been received. *Coxe* 288, 377; 10 *Shepl.* 475.

In the case of *Rich* v. *Coe, Cowp.* 636, the plaintiff appears to have charged the captain by name, and "the owners of the ship," without naming them, or knowing who they were; and upon proof that the defendants were in fact the owners, he recovered. And a similar charge appears to have been sustained in the case of *Schermerhorn* v. *Loins*, 7 *John. R.* 311.

Many authorities are cited by the counsel on the subject of the liability of ship owners for supplies, and of the liability of

purchasers who have not perfected their title or obtained a register, but it is not necessary to review them. It is not disputed but that the owner of a vessel may be liable, although he did not personally act in procuring the supplies, and was not in fact known to the person furnishing them. It was a matter of fact tried before the court, who was the owner of the sloop General Jackson, and as such liable for the articles charged in the books of account, and it is not our province to inquire whether they determined that fact in accordance with the weight of the evidence or not. It is not alleged that they admitted illegal, or overruled legal evidence; nor is it shown that, in arriving at the result they did, they violated any principle of law.

Another objection to the proceedings was, that the state of demand is not true copy of the book, that is to say, the book does not charge the defendant by name. The state of demand, fairly interpreted, does not so imply. After stating the names of the parties, and that defendant is owner of the sloop General Jackson, it commences, "Sloop General Jackson and owner Dr. to plaintiffs," and then copies the several charges substantially as they stand so charged in the book. There are some slight discrepancies, but none that could have misled or in any way prejudiced the plaintiff in *certiorari*. The objection, that more interest was charged and allowed than was proper, is not shown to be true in fact. The judgment of the Common Pleas must be affirmed.

AFFIRMED, 4 *Zab.* 838. CITED in *Hockenbury* v. *Meyers*, 5 *Vr.* 346.